JUAN ANTHONY AMILL, ETC., demandante y recurrido, *v.* JUAN AMILL ANTONGIORGI, demandado y recurrente.

Número 12129.

*Sometido:* 4 de junio de 1961. *Resuelto:* 26 de junio de 1961.

*Romero Barceló & Herrero Frank,* abogados del apelante; *Brown, Newsom & Córdova* e *Iván Díaz de Aldrey,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Decretada la disolución de un matrimonio por sentencia de divorcio de una corte del estado de Nevada, que se reservó jurisdicción(1) para entender en toda cuestión relacionada

---

(1) Era innecesaria la reserva expresa de jurisdicción por la Corte del Octavo Distrito de Nevada ya que las leyes de ese estado establecen expresamente que en caso de divorcio las cortes pueden, en cualquier momento y mientras dure la minoridad, hacer pronunciamientos posteriores en cuanto a custodia y alimentos. N.R.S. 125.140.

con el bienestar, custodia y alimentos de un menor habido en el matrimonio, ¿tiene jurisdicción el tribunal de Puerto Rico para conocer de una demanda sobre alimentos instada por el menor, residente en México, contra su padre, residente en Puerto Rico?

La cuestión no le fue planteada al tribunal de instancia y es en apelación cuando por primera vez se impugna la jurisdicción del tribunal local para conocer del pleito de alimentos iniciado por el menor.

El recurrente señala dos errores(2) pero los discute conjuntamente. Igual haremos nosotros.

 Los padres del menor demandante se casaron el 14 de noviembre de 1937. El hijo nació en el estado de Illinois el 19 de noviembre de 1942. Vinieron a vivir a Puerto Rico. La esposa luego de residir algún tiempo aquí, regresó a los Estados Unidos, estableciendo residencia en el estado de Nevada donde radicó la demanda de divorcio. El 5 de noviembre de 1945 la Corte del Octavo Distrito Judicial del estado de Nevada dictó sentencia adjudicándole a la demandante la custodia del menor; pero sin hacer pronunciamiento alguno en cuanto a alimentos. En la sentencia se reservó la jurisdicción para entender en toda cuestión relacionada con el

---

(2) "Primer error: El tribunal apelado actuó en exceso de sus facultades y cometió un grave error perjudicial al apelante, asumiendo, como asumió, jurisdicción sobre la causa que motiva el presente recurso y declarando, como declaró, con lugar la demanda de alimentos dándole entera fe y crédito ('full faith and credit'—Art. IV Sec. I) al decreto de custodia que en el caso original de divorcio dictó la Corte del Octavo Distrito Judicial del Estado de Nevada; ignorando, sin embargo, que por los mismos términos del decreto, éste estado (sic) sujeto a modificación en cualquier momento, y más aun cuando de la prueba sometida por el demandante se desprende que han ocurrido hechos de tal naturaleza que justificarían una modificación de dicho decreto.

"Segundo error: El tribunal 'a quo', asimismo cometió un error fundamental y perjudicial para el apelante al sustituirse por el tribunal de jurisdicción original que decretó el divorcio entre las partes, ignorando para los fines, y efectos de su sentencia que es a la Corte del Octavo Distrito Judicial del Estado de Nevada al (sic) que compete considerar y resolver sobre todos los aspectos posteriores a su decreto en relación con el bienestar, custodia y alimentos del menor en este caso."

bienestar, custodia y alimentos del menor. La madre vivió algún tiempo en los Estados Unidos pero luego se trasladó a México, D.F., donde contrajo nupcias. Trabajaba como maestra de inglés por lo que recibe un ingreso mensual de $150. Su hijo estudia en una academia en el estado de Tejas debido a que las escuelas de México las considera inadecuadas. Le cuesta $1,400 anuales mantenerlo en la academia de Tejas. El demandado nunca ha pasado alimentos al menor demandante.

Se radicó demanda de alimentos en el Tribunal Superior, Sala de San Juan, en la cual se solicitaba una pensión alimenticia de $100 mensuales. La madre compareció como testigo del menor por medio de una deposición tomada en Ciudad de México. La corte le concedió una pensión de $75 mensuales y condenó al demandado, además, a pagar $75 de honorarios de abogado.

El recurrente, al discutir los errores señalados, sostiene que el tribunal de instancia actuó sin jurisdicción ya que habiéndose la Corte de Nevada reservado la jurisdicción para entender de toda cuestión relacionada con el bienestar, custodia y alimentos del menor, es a aquel tribunal al que le compete conocer del pleito y no al de Puerto Rico. Sostiene que el tribunal de Puerto Rico estaba en la obligación de darle entera fe y crédito a la sentencia de Nevada y por lo tanto no podía conocer del pleito de alimentos.

No tiene razón el recurrente. El precepto que obliga a Puerto Rico a dar entera fe y crédito a los procedimientos judiciales de los estados federados de la Unión no opera en la forma en que el recurrente lo invoca en su intento de sostener que el tribunal de Puerto Rico no tiene jurisdicción para conocer del caso de autos. Como hemos visto, la Corte de Nevada no hizo determinación alguna sobre alimentos para el menor y, de acuerdo con la ley de aquel estado y en la reserva explícita de jurisdicción que hizo en la sentencia de divorcio, la Corte de Nevada podía en cualquier momento

hacer determinaciones posteriores sobre la custodia y los alimentos del menor. Se ha sostenido que en situaciones de hecho como la que presenta el caso ante nos, el precepto sobre entera fe y crédito opera en el sentido de que cuando la corte de otro estado tiene jurisdicción sobre la materia y sobre las personas, puede hacer determinaciones posteriores sobre custodia y alimentos en la misma forma y con el mismo alcance que lo hubiera podido hacer el tribunal que dictó la sentencia original. Ya que de acuerdo con sus propios términos la sentencia no es final para la Corte de Nevada, tampoco puede considerársele final para el tribunal de Puerto Rico. *Pratt* v. *Reuter*, 79 D.P.R. 962 (1957; *Halvey* v. *Halvey*, 330 U.S. 610 (1947) ; Ehrenzweig, *Interstate Recognition of Custody Decrees*, 51 Mich. L. Rev. 345 (1953) ; 22 So. Cal. L. Rev. 293 (1949; 34 Geo. L. J. 105 (1946) ; *Annotation*, 90 A.L.R. 939, y véase, además, Harper, *The Supreme Court and the Conflict of Laws*, 47 Colum. L. Rev. 803, 907–909 (1947).

En *Pratt* v. *Reuter*, supra, resolvimos que teniendo el tribunal de Puerto Rico jurisdicción sobre las partes envueltas en un pleito sobre custodia de un menor, dicho tribunal tenía autoridad para hacer una nueva determinación sobre dicha custodia por haber ocurrido un cambio en la situación de hechos desde que la Corte de Florida, que había decretado el divorcio, hizo las determinaciones originales sobre el particular. En apoyo de esta posición citamos autoridades donde se discuten diversos aspectos del problema relacionado con la custodia y alimentos de un menor, y optamos por seguir aquellas que reconocen en las cortes del lugar donde real y efectivamente reside el menor, o que tienen jurisdicción *in personam* sobre los padres del menor si éste se encuentra siquiera accidentalmente dentro de la demarcación jurisdiccional del tribunal, autoridad para hacer determinaciones posteriores a base de nuevos hechos sobre la referida cuestión de la custodia. Los hechos del caso de autos cuadran dentro de la doctrina adoptada por nosotros en el caso de *Pratt* v. *Reuter*,

*supra*, ya que el tribunal de instancia adquirió, por sumisión, jurisdicción sobre el menor reclamante, y el demandado reside en Puerto Rico y fue aquí emplazado.

 Consideraremos ahora la otra cuestión levantada por el recurrente al efecto de que la asunción de jurisdicción por el Tribunal Superior de Puerto Rico le privó de su propiedad sin el debido proceso de ley y le negó la igual protección de las leyes. Su contención está basada en la premisa de que el tribunal a quo no tenía autoridad para hacer determinaciones sobre la custodia del menor y que, no teniéndola, el recurrente quedó impedido en el presente caso de litigar sobre dicha cuestión de la custodia.

Suponiendo, sin resolverlo, que el Tribunal de Puerto Rico no tenga autoridad para otorgarle la custodia, [3] nada hay que le impida al recurrente, de existir causas que justifiquen tal cambio, acudir al tribunal que corresponda para reclamar la custodia de su hijo. Ciertamente, la radicación de un pleito de alimentos en un tribunal competente de Puerto Rico que ha adquirido jurisdicción sobre las personas, por haberse sometido el demandante al radicar su demanda y por haber sido personalmente emplazado y residir aquí el demandado, no lo impide. Es en verdad peregrina la tesis del recurrente. Pretende que por el hecho de que el tribunal de instancia no puede, según su criterio, hacer determinaciones sobre la custodia, tampoco puede condenarlo en alimentos en el presente caso a pesar de que el tribunal adquirió jurisdicción sobre las partes.

*No habiéndose cometido los errores señalados, procede la confirmación de la sentencia recurrida.*

El Juez Asociado Sr. Serrano Geyls no intervino.

---

[3] Señalamos nuevamente aquí que ante el juez de instancia no se planteó cuestión alguna relacionada con la custodia del menor. Cr. *Pratt v. Reuter*, 79 D.P.R. 962 (1957).