ELIZABETH ANN ROSEBERRY, recurrente, *v.* REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN OCTAVA, LIC. CARMEN J. ROCAFORT DE LÓPEZ, REGISTRADORA, recurrida.

*Número:* O-83-242      *Resuelto:* 31 de octubre de 1983

744

*Juan F. Esteves*, abogado de la recurrente; la Registradora recurrida compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

En *Ef. Litográficos* v. *Nat. Paper & Type Co.*, 112 D.P.R. 389 (1982), sentamos reglas pertinentes al exequátur en el contexto de una sentencia proveniente de un país extranjero. El caso de autos presenta una faceta diferente del problema: el procedimiento para la ejecución de una sentencia procedente de un estado norteamericano. El efecto, si alguno, de la cláusula sobre la entera fe y crédito de la Constitución de Estados Unidos, Art. IV, Sec. 1, así como de la

Sec. 2 de la Ley de Relaciones Federales, debe considerarse aquí.

He aquí los hechos: Elizabeth A. Roseberry y Max Costa, entonces casados entre sí y no residentes de Puerto Rico, adquirieron en 1975 una participación en la propiedad de un condominio en Isla Verde. Siete años más tarde se divorciaron en el estado de Tejas. En la sentencia de divorcio se le adjudicó a Elizabeth Roseberry la participación en el condominio. Max Costa traspasó en Tejas el referido interés.

El documento de cesión y traspaso fue debidamente protocolizado en Puerto Rico. Se procedió entonces a presentar al Registro la correspondiente escritura. La señora Registradora denegó la inscripción "por observarse que no se acredita que la Sentencia de Divorcio que se acompaña, dictada por un Tribunal de los Estados Unidos de América, cumpla con el artículo [*sic*] 45 de la Ley Hipotecaria y 59.1 del Reglamento los que requieren que se disponga su ejecución por un Tribunal local con jurisdicción . . .".

El Art. 45 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2208, dispone:

> También se inscribirán en el Registro los títulos, actos y contratos expresados en la sec. 2201 de este título otorgados en los Estados Unidos de América, o en país extranjero, que tengan fuerza en Puerto Rico con arreglo a las leyes, y las ejecutorias pronunciadas por Tribunales de los Estados Unidos de América, o extranjeros, a que deban darse cumplimiento en Puerto Rico según las normas legales vigentes, siempre que se disponga su ejecución por un tribunal local con jurisdicción.

El Art. 59.1 del *Reglamento para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad de 1979*, San Juan, Ed. Colegio de Abogados, 1980, pág. 30, provee a su vez:

> Las sentencias a que se refiere el artículo 45 de la Ley se inscribirán siempre que estén contenidas en una resolución

ejecutoria del Tribunal Superior recaída en un procedimiento ordinario del cual será notificado el Ministerio Fiscal.

La cuestión principal que plantea el recurso es si el procedimiento fijado por las disposiciones citadas [1] es compatible con el Art. IV, Sec. 1 de la Constitución de Estados Unidos. Esta sección provee:

Se dará entera fe y crédito en cada estado a los actos públicos, documentos y procedimientos judiciales de los otros estados. El Congreso podrá prescribir mediante leyes generales la manera de probar tales actos, documentos y procedimientos así como los efectos que deban surtir.

En virtud de la autorización concedida, el Congreso aprobó la legislación siguiente, 28 U.S.C.A. sec. 1738 (1948):

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

■ Las disposiciones concernidas de la Ley Hipotecaria de Puerto Rico y su Reglamento no chocan con la Constitución de Estados Unidos ni con la legislación federal citada. La Sec. 1 del Art. IV de la Constitución no prescribe el procedimiento para dar entera fe y crédito a los actos públicos, documentos y procedimientos judiciales de otras jurisdicciones domésticas. Tal sección no exige que un

---

[1] A éstas habría que añadir lo provisto por el Art. 426 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1798, discutido más adelante.

Registro de la Propiedad en Puerto Rico le dé directamente entera fe y crédito a una sentencia extranjera, haciendo caso omiso de las disposiciones de nuestras leyes que exigen la previa intervención de los tribunales. No opera *ex proprio vigore.*

La razón para tal regla es clara. La cláusula de entera fe y crédito está sujeta a excepciones. Las sentencias emitidas en un estado no tienen derecho a entera fe y crédito en otro estado, por ejemplo, si la sentencia se dictó sin jurisdicción sobre alguna parte o sobre la materia. *Williams* v. *North Carolina,* 317 U.S. 287 (1942); *Underwriters Assur. Co.* v. *N.C. Guaranty Assn.,* 455 U.S. 691 (1982); *Restatement Second, Judgements* Sec. 81, pág. 251 (1982). Es legítimo que un estado requiera que las sentencias extranjeras no sean ejecutables a menos que sus tribunales lo ordenen, lo cual ofrece la necesaria oportunidad para que una parte interesada pueda interponer alguna de las defensas reconocidas a la aplicación de la cláusula de entera fe y crédito.

La lectura cuidadosa de la ley del Congreso sobre el particular, 28 U.S.C.A. sec. 1738, transcrita antes, indica que es en los tribunales del estado ejecutante donde se han de presentar las sentencias y records del estado emitente para fines de impartirle entera fe y crédito.

En algunos estados se dispone por estatuto, al igual que en Puerto Rico, que las sentencias de otros estados son ejecutables únicamente por acción judicial. En California, por ejemplo, se dispone, Cal. Civ. Proc. Code Sec. 1913 (West 1955):

> The effect of a judicial record of a sister State is the same in this State as in the State where it was made, except that it can only be enforced here by an action or special proceeding....

Esta disposición californiana es la fuente del Art. 426, todavía en vigor, del Código de Enjuiciamiento Civil de 1933 (32 L.P.R.A. sec. 1798), el cual provee:

> El efecto de un auto judicial registrado, de un Estado de la Unión es el mismo en Puerto Rico que en el Estado en que se hubiere dictado, excepto que en Puerto Rico sólo puede exigirse su cumplimiento mediante una acción o un procedimiento especial. . . .

La acción de la Registradora en este caso halla apoyo, en consecuencia, no sólo en el Art. 45 de la Ley Hipotecaria y el Art. 59.1 del Reglamento, sino en el Art. 426 del antiguo Código de Enjuiciamiento Civil. Este último artículo mereció nuestra aprobación en *Blatt & Udell* v. *Core Cell,* 110 D.P.R. 142, 145 (1980). El Tribunal Supremo de Estados Unidos ha resuelto también desde hace tiempo que la impartición de entera fe y crédito puede condicionarse a la sumisión de la sentencia concernida a los tribunales del estado ejecutante. *M'Elmoyle* v. *Cohen,* 10 L. Ed. 177 (1839); *Fall* v. *Eastin,* 215 U.S. 1, 12 (1909).

■ La recurrente sostiene, en segundo término, que la denegatoria de la Registradora debe ser revocada porque la sentencia de divorcio que formó parte de la escritura en este caso no es una "ejecutoria" a tenor con el Art. 45 de la Ley Hipotecaria. Hemos señalado que la palabra "ejecutoria" y el vocablo "sentencia" son sinónimos en contextos como el presente. *Ramírez* v. *Registrador,* 96 D.P.R. 342, 350 n.2 (1968). El Art. 426 del Código de Enjuiciamiento Civil le resta, además, toda validez al argumento.

La recurrente argumenta, por último, que un tribunal local no tendría jurisdicción sobre las partes. El planteamiento es inmeritorio. Choca contra la esencia misma del exequátur y de la propia cláusula sobre la entera fe y crédito. Véanse: J. De Passalacqua, *El exequátur en el derecho puertorriqueño,* 63 Rev. Der. Puertorriqueño 193 (1977); *Amill* v. *Amill,* 83 D.P.R. 92 (1961).

*Se confirmará la denegatoria de la cual se recurre.*