MILAGROS FIGUEROA PESANTE, recurrente, *v.* CARMEN J. ROCAFORT, REGISTRADORA DE LA PROPIEDAD, SECCIÓN OCTAVA DE SAN JUAN, recurrida.

*Número:* CE-88-281          *Resuelto:* 30 de abril de 1990

*Leonardo Llequis*, abogado de la recurrente; la Registradora de la Propiedad recurrida compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

## I

Mediante Escritura de Donación Núm. 15 otorgada el 14 de noviembre de 1986 ante el notario Leonardo Llequis Carrasquillo, el Sr. Héctor M. Díaz Lebrón, soltero y vecino de Nueva York, representado por su apoderada, Nilda C. Acosta Maldonado, le donó a su ex esposa, Milagros Figueroa Pesante, soltera y vecina de San Juan, su participación en un inmueble que habían adquirido como bien ganancial mientras estuvieron casados.

La referida escritura se presentó para inscripción ante el Registro de la Propiedad, Sección Octava de San Juan, y como documento complementario se presentó la sentencia de divorcio entre Héctor M. Díaz y Milagros Figueroa decretada por la Corte Suprema del Condado de Nueva York el 24 de marzo de 1986.

La Registradora de la Propiedad denegó la inscripción de la escritura de donación y como única falta señaló:

La sentencia de divorcio que se acompaña debe ser convalidada por un tribunal local. (Caso Elizabeth Ann Roseberry vs. Registrador, 114 D.P.R. 743). (Ar[t]ículo 45 de la Ley Hipotecaria, T. 30 L.P.R.A. sec. 2208). *Exhibit* VI, pág. 14.

En recalificación, reiteró su determinación original. Inconforme, Milagros Figueroa Pesante interpuso este recurso gubernativo y alegó que erró la Registradora de la Propiedad al requerir la convalidación de la sentencia de divorcio por un

tribunal local. Alega que dicha sentencia no constituye un título translativo de dominio que deba cumplir con las disposiciones del Art. 45 de la Ley Hipotecaria y del Registro de la Propiedad (en adelante Ley Hipotecaria), 30 L.P.R.A. sec. 2208, ya que la misma se presentó como prueba del divorcio y lo que se presentó para inscripción fue la escritura de donación. Finalmente, alega que nuestra decisión en *Roseberry v. Registrador*, 114 D.P.R. 743 (1983), no es aplicable al caso de autos, ya que aquí no se hizo adjudicación de la propiedad en la sentencia de divorcio como ocurrió en el citado caso. Le asiste la razón.

## II

█ El Art. 45 de la Ley Hipotecaria, *supra*, dispone que toda ejecutoria[1] pronunciada por los tribunales de Estados Unidos y extranjeros debe estar contenida en una resolución ejecutoria del Tribunal Superior para poder ser inscrita en el Registro de la Propiedad.[2]

█ En *Roseberry v. Registrador*, supra, págs. 746–747, resolvimos que es totalmente legítimo que un estado requiera que las sentencias dictadas por otros estados no sean ejecutables a menos que un tribunal local con jurisdicción lo ordene.

---

[1] Este Tribunal ha señalado que la palabra "ejecutoria" y el vocablo "sentencia" son sinónimos para fines del Art. 45 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2208. *Ramírez v. Registrador*, 96 D.P.R. 342, 350 esc. 2 (1968).

[2] El Art. 45 de la Ley Hipotecaria y del Registro de la Propiedad, *supra*, dispone así:

"También se inscribirán en el Registro los títulos, actos y contratos expresados en la sec. 2201 de este título otorgados en los Estados Unidos de América, o en país extranjero, que tengan fuerza en Puerto Rico con arreglo a las leyes, y las ejecutorias pronunciadas por Tribunales de los Estados Unidos de América, o extranjeros, a que deban darse cumplimiento en Puerto Rico según las normas legales vigentes, siempre que se disponga su ejecución por un tribunal local con jurisdicción."

Su concordante, el Art. 59.1 del Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2003–59.1, edición especial, dispone, a su vez:

"Las sentencias a que se refiere el artículo de la Ley[, 30 L.P.R.A. sec. 2208,] se inscribirán siempre que estén contenidas en una resolución ejecutoria del Tribunal Superior recaída en un procedimiento ordinario del cual será notificado el ministerio fiscal."

■ Nos pronunciamos de la forma siguiente:

Las disposiciones concernidas de la Ley Hipotecaria de Puerto Rico y su Reglamento no chocan con la Constitución de Estados Unidos ni con la legislación federal citada. La Sec. 1 del Art. IV de la Constitución no prescribe el procedimiento para dar entera fe y crédito a los actos públicos, documentos y procedimientos judiciales de otras jurisdicciones domésticas. Tal sección no exige que un Registro de la Propiedad en Puerto Rico le dé directamente entera fe y crédito a una sentencia extranjera, haciendo caso omiso de las disposiciones de nuestras leyes que exigen la previa intervención de los tribunales. No opera *ex proprio vigore*.

■ Por ello, toda ejecutoria proveniente de un estado de la unión o país extranjero debe cumplir con las disposiciones del Art. 45 de la Ley Hipotecaria, *supra*, y del Art. 59.1 del Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2003–59.1, edición especial, para poder ser inscritas en el Registro de la Propiedad.

Sin embargo, la cuestión a resolverse en este caso es si es necesario que una sentencia dictada por los tribunales de Estados Unidos, utilizada como documento complementario a una escritura de donación, debe cumplir con los requisitos de las disposiciones antes citadas.

Antes de entrar a resolver la cuestión planteada debemos hacer un examen de las disposiciones hipotecarias y los comentarios relacionados con la misma.

## III

El Art. 43 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2206, define "título" de la forma siguiente:

Se entenderá por título, conforme a la sección anterior y para los efectos de la inscripción, el contenido del documento o documentos públicos en que funde inmediatamente su derecho la persona a cuyo favor haya de practicarse aquélla y que hagan fe, por sí solos o con el de otros documentos complementarios, o mediante formalidades cuyo cumplimiento se acredite.

En España, el Art. 33 del Reglamento Hipotecario es la disposición equivalente a nuestro citado Art. 43.

Don Ángel Sanz Fernández, en su obra *Instituciones de Derecho Hipotecario*, Madrid, Ed. Reus, 1953, T. II, págs. 315–316, analiza en detalle este artículo y nos comenta:

El Art. 33 del Reglamento, al definir el título a efectos de la inscripción admite la distinción entre el documento principal, el inscribible propiamente dicho y documentos complementarios. Literalmente interpretado este precepto parece referirse la distinción a la fehaciencia del documento: los documentos complementarios a que alude el art. 33 parecen tener por fin únicamente completar el carácter fehaciente del documento inscribible.

Sin embargo, el concepto de documento complementario es más amplio; su finalidad es complementar el documento inscribible respecto de todos aquellos aspectos y circunstancias que siendo necesarios para la inscripción, no se acreditan y justifican directamente por aquél.

En su exposición, Sanz provee algunas características de los documentos complementarios y los describe de la forma siguiente:

(a) *Por su contenido*—El documento complementario no es título a los efectos de la inscripción, pues no sirve de base al dominio o al derecho real o al asiento practicable.

(b) *Por su naturaleza hipotecaria*—El documento complementario no es un documento inscribible. El documento inscribible es siempre el principal, el complementario sirve para demostrar o lograr la inscribilidad de aquél, pero carece de autonomía a los efectos registrales.

(c) *Por su forma*—Por no ser un documento inscribible no le es aplicable el art. 3 de la Ley y el 33 del Reglamento. Consecuencia de ello es que los documentos complementarios pueden ser documentos privados, salvo que por disposición legal distinta de la hipotecaria, requieran la forma pública y que no es precisa la presentación del documento mismo, siendo suficiente un testimonio notarial de él. Sanz, *op. cit.*, pág. 315.

En resumen, según lo expone Sanz, hay que distinguir entre el documento principal inscribible y los documentos complementarios. El autor discute la finalidad del documento complementario y expone que su propósito es complementar aquellos

aspectos necesarios para hacer inscribible el documento principal. Señala que el documento complementario carece de autonomía para los efectos de la inscripción. Por lo tanto, no es un documento inscribible por sí mismo.

Roca Sastre, en la discusión del Art. 33 del Reglamento Hipotecario español nos dice:

> A base de estimar que las palabras *hacen fe* del art. 33 del Reglamento Hipotecario quieren expresar la idea de "surten efecto" o "son inscribibles", hay que afirmar que existen títulos que por sí mismos son inscribibles, mientras que hay otros que para ello necesitan el auxilio de otros documentos complementarios.
>
> Estos documentos complementarios no son títulos propiamente dichos, pues en ellos no funda su derecho la persona a cuyo favor ha de practicarse la operación registral a efectuar, ni son base fundamental del asiento practicable. Únicamente complementan los títulos fundamentales cuando éstos, solos, no pueden pretender su ingreso en los libros hipotecarios. Los títulos básicos autentican el acto o causa jurídica que provoca la titularidad consignable en el Registro. Los documentos complementarios solamente acreditan hechos o circunstancias que rodean aquellos títulos fundamentales, cooperando en la formación total del título inscribible. (Énfasis en el original.) R.M. Roca Sastre y L. Roca-Sastre Muncunill, *Derecho Hipotecario*, 5ta ed., Barcelona, Ed. Bosch, 1954, T. II, págs. 158–159.

■ Este Tribunal ha sostenido en varias ocasiones que los Registradores de la Propiedad tienen facultad para solicitar la producción de documentos complementarios en aquellos casos que: (1) Por ley o por reglamento así se requiera para la inscripción de un documento; (2) del documento surja causa para creer que es inválido, y (3) el propio documento no refleje su entera validez. *U.S.I. Properties, Inc. v. Registrador*, 124 D.P.R. 448 (1989); *Ruiz-Sierra v. Registrador*, 103 D.P.R. 578 (1975).

## IV

Teniendo en mente estos preceptos legales y comentarios, concentremonos en la disposición del recurso.

Se presenta ante la Registradora de la Propiedad una escritura donde Héctor M. Díaz Lebrón le dona a su ex esposa una

propiedad inscrita en el Registro de la Propiedad a favor de la sociedad de gananciales compuesta por ambos. La donación cumple con todos los requisitos de ley. Junto con esta escritura de donación se presenta una sentencia de divorcio otorgada en un tribunal de Nueva York.

La Registradora de la Propiedad deniega la inscripción debido a que dicha sentencia no estaba convalidada por un tribunal local según lo requiere *Roseberry v. Registrador*, supra.

La sentencia de divorcio aquí presentada cae bajo la categoría de documento complementario. Veamos.

El Art. 1286 del Código Civil, 31 L.P.R.A. sec. 3588, expresamente prohíbe toda donación entre marido y mujer:

> Será nula toda donación entre los cónyuges durante el matrimonio.
>
> No se incluyen en esta regla los regalos módicos que los cónyuges se hagan en ocasiones de regocijo para la familia.

Aun cuando la escritura de donación es un título perfecto que reúne todos los requisitos, es necesario acreditar ante el Registro de la Propiedad que no existe vínculo matrimonial entre las partes para no contravenir con la prohibición del Art. 1286 del Código Civil, *supra*. Por tal razón la sentencia de divorcio en el caso ante nos es necesaria, toda vez que el propio documento no refleja su entera validez.

Señalada la necesidad de la sentencia como documento complementario, tenemos que resolver si la misma en su función de documento complementario tiene que seguir el procedimiento exigido por el Art. 45 de la Ley Hipotecaria, *supra*.

La Registradora de la Propiedad argumenta que según lo resuelto en *Roseberry v. Registrador*, supra, toda sentencia extranjera o de un estado de la unión, ya sea como documento complementario o como título inscribible, debe cumplir con el Art. 45 antes citado.

En *Roseberry v. Registrador*, supra, aun cuando se presentó como título inscribible una cesión de interés en un condominio, la sentencia de divorcio presentada era la que adjudicaba a Elizabeth Roseberry la participación en el condominio. De la

propia sentencia de divorcio surgía el derecho a la participación en el condominio para efectos de la inscripción, siendo en determinada forma el título principal. La sentencia en ese caso era *la base fundamental del asiento practicable.*

Al examinar el caso de *Roseberry v. Registrador,* supra, resolvemos que difiere del caso ante nos. En este caso la sentencia de divorcio en realidad no adjudica la propiedad objeto de la escritura de donación. La sentencia sólo se presentó ante el Registro de la Propiedad como documento complementario para demostrar que la donación no contraviene disposición alguna de ley. De la sentencia no surge el derecho de las partes, ya que la misma por sí sola únicamente adjudica un divorcio entre las partes.(3) En otras palabras, la sentencia es necesaria para la inscripción pero *no es base fundamental del asiento practicable.*

En vista de las diferencias existentes entre *Roseberry v. Registrador,* supra, y el caso ante nos, resolvemos que en este caso no debe exigirse la sentencia de divorcio a los presentantes de un título perfecto de donación que cumplan con el requisito dispuesto en el Art. 45 de la Ley Hipotecaria, *supra,* y en el Art. 53.1 del Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2003–53.1, edición especial, ya que la sentencia de divorcio en controversia es sólo un documento complementario del cual no se funda derecho alguno ni se adjudica propiedad o participación en el inmueble.(4)

---

(3)  La sentencia dispuso: "The house located at Calle 411 MWQ3 Cuarta Extension, Country Club. . . shall belon[g] to Milagros Diaz". Sentencia del Tribunal de Nueva York, 24 de marzo de 1986.

Sin embargo, la sentencia no adjudicó la propiedad. Las partes, luego de la sentencia de divorcio, liquidaron la sociedad legal de gananciales mediante la donación gratuita por parte de uno de los ex cónyuges de su participación al otro ex cónyuge.

(4)  Véase el caso de *Silva Oliveras v. Durán Rodríguez,* 119 D.P.R. 254 (1987), donde se presenta al Registro Demográfico una adopción hecha en el extranjero. La sentencia de adopción procedente de República Dominicana se inscribió en el Registro Demográfico sin que se hubiera realizado por la parte presentante el procedimiento de exequátur.

El caso aunque distinguible del actual, conlleva un análisis parecido al que se enfrenta hoy este Tribunal.

## V

Por los fundamentos expuestos, *se dictará sentencia revocatoria y se ordenará la inscripción de las escrituras en conformidad con lo aquí expuesto.*

El Juez Asociado Señor Hernández Denton emitió opinión disidente, a la cual se unen el Juez Presidente Señor Pons Núñez y el Juez Asociado Señor Rebollo López.

—O—

Opinión disidente emitida por el Juez Asociado Señor Hernández Denton, a la cual se unen el Juez Presidente Señor Pons Núñez y el Juez Asociado Señor Rebollo López.

Por entender que la sentencia de divorcio dictada por un tribunal del estado de Nueva York es una "ejecutoria" a tenor con el Art. 45 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2208, y que por lo tanto debe cumplir con las disposiciones del Art. 59.1 del Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2003–59.1, edición especial, antes de poder ser inscritas en el Registro de la Propiedad, disiento de la opinión del Tribunal.

Héctor M. Díaz Lebrón y Milagros Figueroa Pesante se divorciaron en Nueva York el 18 de abril de 1986 por la causal de abandono. El derecho sustantivo de Nueva York en materia de divorcios está codificado en la Ley de Relaciones Domésticas, 14 N.Y. Dom. Rel. Law Sec. 1 *et seq.* La Sec. 234 de esta ley dispone que en cualquier acción de divorcio, separación o anulación de matrimonio, el tribunal podrá, entre otras cosas, resolver cuestiones de título y adjudicar bienes que le pertenecían al matrimonio.[1]

---

[1] *"Section 234. Title to or occupancy and possession of property.*

"In any action for divorce, for a separation, for an annulment or to declare the nullity of a void marriage, the court may (1) determine any question *as to the title to property*

En el caso de autos, al amparo de este estatuto, el tribunal de Nueva York adjudicó la casa localizada en la Calle 411 MWQ3, Cuarta Extensión de Country Club, Carolina, Puerto Rico, a favor de la recurrente. La sentencia expresamente dispuso que la propiedad "le pertenecerá" (*shall belon[g]*) a la Sra. Milagros Figueroa Pesante (en la sentencia del tribunal de Nueva York se utiliza el nombre de casada "Milagros Díaz").(²) Esta adjudicación se hizo conforme con las disposiciones de la Sec. 234 de la Ley de Relaciones Domésticas de ese estado. Véanse: *Boronow v. Boronow*, 490 N.Y.S.2d 230 (A.D.2d Dept. 1985); *Ralske v. Ralske*, 445 N.Y.S.2d 9 (A.D.2d Dept. 1981).

En estas circunstancias es evidente que el señor Díaz Lebrón no podría donarle a la recurrente su participación en el inmueble, ya que por disposición judicial él no tenía ninguna participación en esta propiedad. Uno de los apotegmas fundamentales de nuestro Código Civil es que nadie puede transmitir lo que no tiene en su patrimonio.

En consideración de nuestros anteriores pronunciamientos de que "la palabra 'ejecutoria' y el vocablo 'sentencia' son sinónimos en contextos como el presente", *Roseberry v. Registrador*, 114 D.P.R. 743, 748 (1983); *Ramírez v. Registrador*, 96 D.P.R. 342, 350 esc. 2 (1968), confirmaría la denegatoria de la Registradora de la Propiedad. Correspondía que un tribunal en Puerto Rico ordenara la ejecución de la sentencia de divorcio antes de su inscripción en el Registro de la Propiedad.

---

arising between the parties, and (2) *make such direction, between the parties, concerning the possession of property,* as in the court's discretion justice requires having regard to the circumstances of the case and of the respective parties. Such direction may be made in the final judgment, or by one or more orders from time to time before or subsequent to final judgment, or by both such order or orders and final judgment. *Where the title to real property is affected, a copy of such judgment, order or decree, duly certified by the clerk of the court wherein said judgment was rendered, shall be recorded in the office of the recording officer of the county in which such property is situated,* as provided by section two hundred ninety-seven-b of the real property law. (Added L. 1962, c. 313, Sec. 10; amended L. 1963, c. 685, Sec. 5.)" (Énfasis suplido.) 14 McKinney's Consolidated Laws of N.Y. Annotated, Domestic Relations Law Sec. 234.

(²) Por no estar ante nuestra consideración, nos abstenemos de hacer pronunciamientos sobre la validez de esta adjudicación.

Por otro lado, aun cuando la sentencia dictada por el tribunal de Nueva York no hubiese adjudicado la casa, en el caso de autos la sentencia de divorcio no es realmente un documento complementario en su significado común. La validez de la donación en controversia depende de que las partes se hayan divorciado legítimamente. En caso de que la sentencia de divorcio fuera nula por alguna razón, el título de donación de la Sra. Milagros Figueroa Pesante también sería nulo por disposición del Art. 1286 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3588.

En su función calificadora actuó correctamente la Registradora de la Propiedad al requerir al presentante que cumpliera con el procedimiento de exequátur para validar la sentencia de divorcio. Sólo así podía descargar adecuadamente su obligación de calificar bajo su responsabilidad la validez del contrato de donación. Art. 64 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2267. Al exigir que sólo tengan acceso al Registro de la Propiedad títulos válidos y perfectos, fortalecemos el principio de legalidad que informa nuestro ordenamiento hipotecario-registral e impartimos certeza al tráfico jurídico y comercial. *Junta Retiro Maestros v. Registrador*, 109 D.P.R. 569, 574 (1980); *Royal Bank of Canada v. Registrador*, 104 D.P.R. 400, 404 (1975); *Talcott Inter-Amer. Corp. v. Registrador*, 104 D.P.R. 254, 260 (1975); R.M. Roca Sastre y L. Roca-Sastre Muncunill, *Derecho Hipotecario*, 7ma ed., Barcelona, Ed. Bosch, 1979, T. II, págs. 255–284; D. Martínez Irizarry, *Los principios hipotecarios bajo la nueva legislación de Puerto Rico*, 50 Rev. Jur. U.P.R. 195, 213–215 (1981).

Por los fundamentos expuestos, confirmaría la nota recurrida.