ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **EDGAR HANS FRANK COMAS REPRESENTADO POR CAROLINA BOLÍBAR FERNÁNDEZ** DEMANDANTE(S)-APELANTE(S) <br><br> V. <br><br> **SUCESIÓN DE JOHANNA ROSE MCCONNAUGHY COMPUESTA POR EDGAR A. FRANK, STEPHANIE FRANK Y DESIREE FRANK, JOHN DOE Y RICHARD ROE COMO HEREDEROS DESCONOCIDOS** DEMANDADA(S)-APELADA(S) <br><br> **DEPARTAMENTO DE JUSTICIA** PARTE INTERVENTORA | **KLAN202201052** | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de **GUAYNABO** <br><br> Caso Núm. **GB2022CV00302** (201) <br><br> Sobre: Exequátur y Sentencia Declaratoria |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 9 de abril de 2024.

Comparece ante este Tribunal de Apelaciones, el señor **EDGAR HANS FRANK COMAS** (señor **FRANK COMAS**) mediante un *Escrito de Apelación* instado el 22 de diciembre de 2022. En su recurso, nos solicita que revisemos una *Sentencia* dictaminada el 3 de noviembre de 2022 por el Tribunal de Primera Instancia (TPI), Sala Superior de Guaynabo.[1] Dicha *Sentencia* otorgó "entera fe y crédito a la sentencia o decreto de divorcio, denominada "Decree", de 26 de septiembre de 2002, emitido por el "Court of Common Pleas of Lycoming County, Pennsylvania", en el caso 97-21,703". Asimismo, concluyó "denegar otorgar entera fe y crédito en Puerto Rico al documento

---

[1] Esta determinación judicial fue notificada y archivada en autos el 16 de noviembre de 2022 y el 23 de noviembre de 2022, publicado mediante edicto en un periódico de circulación general *The San Juan Daily Star*. Véase Apéndice del *Escrito de Apelación,* págs. 1– 10.

titulado "*Memorandum of Understanding*", resulta forzoso concluir que tampoco procede la solicitud de sentencia declaratoria predicada en el reconocimiento por exequátur de este documento".

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

- I -

El 31 de marzo de 2022, el señor **FRANK COMAS** entabló *Demanda* sobre exequátur y sentencia declaratoria.[2] En síntesis, solicitó que en conformidad con el Artículo IV, Sección 1, de la Constitución de los Estados Unidos de América, se le concediera entera fe y crédito a una *Sentencia* intimada el 26 de septiembre de 2002 por *The Common Court of Common Pleas of Lycoming Country* en Pennsylvania, Estados Unidos de América. Mediante la referida *Sentencia,* se decretó roto y disuelto el matrimonio entre los señores **FRANK COMAS** y **JOHANNA R. MCCONNAUGHY** (señora **MCCONNAUGHY**).[3] De igual modo, aprobó el acuerdo adjunto o estipulación al que llegaron las partes e hizo formar parte integral de la *Sentencia* cualquier disposición sobre pensión alimentaria, así como incorporó todas las demás providencias. Además, cualquier orden de alimentos de cónyuge existente se consideró un dictamen de pensión alimentaria *pendente lite* si quedaban reclamaciones económicas pendientes.[4]

Conjuntamente, el señor **FRANK COMAS** interpeló una *sentencia declaratoria* para que se determinara que es el titular en pleno dominio de la siguiente propiedad: Apartamento 804 del Condominio Parque de San Patricio Dos en Guaynabo, Puerto Rico, que fuese adquirida durante el matrimonio **FRANK-MCCONNAUGHY**.

Unos días después, el 20 de abril de 2022, el foro de instancia expidió una *Orden* en la cual declaró ha lugar la solicitud del emplazamiento

---

[2] Véase Apéndice del *Escrito de Apelación,* págs. 27– 31.
[3] El documento expresa que "están divorciados de los lazos del matrimonio".
[4] The court approves the attached agreement or stipulation entered into by the parties merging into the Decree any provision for child support and incorporating all other provisions. Any existing spousal support order shall be deemed an order for alimony *pendente lite* if any economic claims remain pending.

mediante edicto dirigido a John Doe y Richard Roe como herederos desconocidos de la señora **MCCONNAUGHY**.[5]

El 22 de abril de 2022, el **DEPARTAMENTO DE JUSTICIA** presentó *Moción Informativa sobre Exequátur*.[6] Solicitó se proveyeran los siguientes documentos: (1) copia de la *Sentencia* que se pretende convalidar; (2) la escritura de protocolización de poder a la cual se hace referencia en el primer acápite de la reclamación e incluir certificación de ODIN; y (3) se acredite haber notificado a los herederos de la señora **MCCONNAUGHY**. Ante esta situación, el 26 de abril de 2022, el tribunal primario dictó *Orden* en la cual requirió suministrar los documentos solicitados por el **DEPARTAMENTO DE JUSTICIA** dentro de un término de veinte (20) días.[7]

En respuesta, el 12 de mayo de 2022, el señor **FRANK COMAS** presentó *Moción en Cumplimiento de Orden* acompañada de: (i) la Certificación de la Oficina de Inspección de Notarías (ODIN) dictada el 4 de junio de 2021; (ii) escritura sobre *Protocolización de Poder*; (iii) *Sentencia* (*Decree*); y (iv) *Certificación de Defunción* de la señora **MCCONNAUGHY**.[8] Además, manifestó estar realizando el proceso para emplazar en conformidad con la Regla 55.2 (a) de las de Procedimiento Civil de 2009.

Después, el 23 de junio de 2022, el señor **FRANK COMAS** presentó *Moción Solicitando que se Expidan Emplazamiento por Edicto*.[9] Este documento está acompañado de una *Declaración Jurada* suscrita el 10 de junio de 2022 por el señor Melvin Santos Wilkinson exponiendo sus gestiones para diligenciar los emplazamientos dirigidos a los señores Desiré Frank, Edgar Frank y Stephanie Frank. El 11 de julio de 2022, el foro apelado prescribió *Orden* en la cual autorizó el emplazamiento por edicto de los señores Desiré Frank, Edgar Frank y Stephanie Frank a su última dirección conocida: *2108 Shirewood Court, Winter Park, Florida 32792*.[10]

---

[5] Véase Apéndice del *Escrito de Apelación*, pág. 58.
[6] *Id*., págs. 60– 61.
[7] *Id*., pág. 62.
[8] *Id*., págs. 63– 80.
[9] *Id*., págs. 82– 84.
[10] *Id*., págs. 85- 86.

El 23 de septiembre de 2022, el señor **FRANK COMAS** presentó *Moción Solicitando que se Expidan Emplazamiento por Edicto*.[11] Informó y acreditó que el señor Ray Abner Ruiz Berrios, en representación de *The San Juan Daily Star*, el 22 de agosto de 2022 publicó el edicto. También, incluyó los tres (3) recibos de correo certificado con acuse de recibo (Certified Mail Receipt) remitidos el 26 de agosto de 2022 y una (1) tarjeta de acuse de recibo.

Luego, el 14 de octubre de 2022, el señor **FRANK COMAS** presentó *Moción Solicitando Anotación de Rebeldía y Sentencia*.[12] En consonancia, el 21 de octubre de 2022, el tribunal impugnado decretó *Orden* pautando audiencia para el 3 de noviembre de 2022.[13]

El 3 de noviembre de 2022, se celebró la audiencia del caso. En dicha audiencia, el **DEPARTAMENTO DE JUSTICIA** presentó su objeción al "*Memorandum of Understanding*" por tener un defecto de identificación de la dirección completa de la propiedad y necesitarse información adicional. El foro de instancia pronunció su *Sentencia* apelada en la cual formuló las siguientes doce (12) determinaciones de hechos:

1. Edgar Hans Frank Comas y Johanna Rose Ricca, t/c/c Johanna Rose McConnaughy se divorciaron el 26 de septiembre de 2002, en el estado de Pennsylvania, caso número 97–21, 703.
2. La señora Johanna Rose Ricca, t/c/c Johanna Rose McConnaughy falleció el 11 de julio de 2018, en el estado de Florida.
3. Tuvieron tres hijos en común, de nombre Edgar, Stephanie y Desiree, todos de apellido Frank y mayores de edad.
4. Como integrantes conocidos de la sucesión de Johanna Rose Ricca, t/c/c Johanna Rose McConnaughy, los tres hijos fueron emplazados por edicto el 22 de agosto de 2022, sin que se lograra su comparecencia.
5. También se emplazó a John Doe y Richard Roe como integrantes desconocidos de la sucesión.
6. La sentencia de divorcio hace referencia a un acuerdo o estipulación de pensión alimentaria para hijo o hijos y otras provisiones, sin especificar su naturaleza.
7. La sentencia de divorcio no alude al título del documento de acuerdo o estipulación, ni a su fecha, ni quien o quienes lo suscriben. Tampoco si trata de un documento firmado por las partes o sus abogados, o si responde a un dictamen de un juez o jueza. Por ende, se dificulta correlacionar la sentencia y el documento de estipulación final.

---

[11] Véase Apéndice del *Escrito de Apelación*, págs. 87– 91.
[12] *Id.*, págs. 95– 99.
[13] *Id.*, pág. 100.

8. Existe un documento titulado "Memorandum of Understanding", que lleva el epígrafe y número del caso de divorcio, que recoge una especie de transcripción de proceso ante la figura de un "master", cuyo nombre no figura en la transcripción.

9. Este documento no contiene firma ni fecha. Tampoco se puede determinar si tuvo finalidad o si varió con posterioridad.

10. La sentencia de divorcio no hace referencia a documento titulado "Memorandum of Understanding".

11. La sentencia de divorcio no hace referencia a una recomendación o intervención de la figura de un "master".

12. La transcripción titulada "Memorandum of Understanding" hace referencia a un apartamento en Puerto Rico, sin descripción, sin especificar ubicación, sin indicar nombre del condominio, calle, municipio o número de finca.

Mediante el antedicho dictamen, el tribunal apelado concluyó:

[E]ste Tribunal otorga entera [sic] fe y crédito a la sentencia o decreto de divorcio, denominado "Decree", de 26 de septiembre de 2002, emitido por el "Court of Common Pleas of Lycoming County, Pennsylvania", en el caso 97-21, 703. Por tanto, ordena que se ejecute el dictamen en todo su alcance y vigor en el Estado Libre Asociado de Puerto Rico. A diferente determinación llega este Tribunal respecto al "Memorandum of Understanding". Trasluce ser una transcripción, de un procedimiento ante la figura de un "master", no de un juez o jueza, que no contiene firma de aprobación.

(...)

[S]e declarara judicialmente que como corolario el señor Edgar Frank es el titular de pleno dominio del Apartamento 808, del Condominio Parque de San Patricio... resulta forzoso concluir que tampoco procede la solicitud de sentencia declaratoria predicada en el reconocimiento por exequátur de este documento.

Inconforme con ese proceder, el 22 de diciembre de 2022, el señor

**FRANK COMAS** incoó un *Escrito de Apelación* ante este Tribunal de

Apelaciones. En su recurso, señaló el(los) siguiente(s) error(es):

Erró el TPI al imponer requisitos a los procedimientos de la corte de otro Estado que no requiere la ley para [convalidar] la sentencia o declarar los derechos de las partes.

Erró el TPI al no resolver la sentencia declaratoria solicitada.

Erró el TPI al aceptar el informe del Ministerio Público sobre el asunto del *Memorandum of Understanding* cuando la ley no le brinda legitimación activa al Ministerio Público para emitir su posición sobre dicho asunto.

El 17 de enero de 2023, este tribunal revisor intimó *Resolución* en la cual concedimos a los señores Edgar Frank, Stephanie Frank, y Desiree Frank así como al **Departamento de Justicia,** por conducto de la Oficina del Procurador General, un plazo perentorio de treinta (30) días, a partir de la notificación del dictamen, para presentar su alegato en oposición.

Así, el 21 de febrero de 2023, la Oficina del Procurador General de Puerto Rico, en representación del Ministerio Público, presentó su *Alegato.* Esencialmente, expresó que el foro primario evaluó los méritos de la *Sentencia* lo cual está expresamente vedado, por lo que entiende que el foro primario erró. Aseguró estar de acuerdo con la denegatoria del tribunal de instancia en emitir sentencia declaratoria a favor del señor **Frank Comas**.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a las(s) controversia(s) planteada(s).

- II -

- A -

En nuestro ordenamiento jurídico, las sentencias y órdenes dictadas por un estado de los Estados Unidos de América o país extranjero no operan de forma directa o *ex proprio vigore*.[14] Por ende, para que las sentencias u órdenes se puedan ejecutar o hacer efectivas les corresponde a los tribunales locales su reconocimiento y validación mediante el procedimiento conocido como *exequátur*.[15]

---

[14] *Montes Díaz v. Montes James*, 2024 TSPR 27, 213 DPR __; *Colón Vega v. Díaz Lebrón*, 211 DPR 548 (2023). Véase, además, el Artículo IV, Sección 1, de la Constitución de los Estados Unidos de América. La Sec. 1 del Artículo IV de la Constitución de Estados Unidos no prescribe el procedimiento para dar entera fe y crédito a los actos públicos, documentos y procedimientos judiciales de otras jurisdicciones domésticas. Tal sección no exige que [determinado funcionario público] le dé directamente entera fe y crédito a una sentencia extranjera, haciendo caso omiso de las disposiciones de nuestras leyes que exigen la previa intervención de los tribunales. No opera ex propio vigore. La razón para tal regla es clara. La cláusula de entera fe y crédito está sujeta a excepciones. Las sentencias emitidas en un estado no tienen derecho a entera fe y crédito en otro estado, por ejemplo, si la sentencia se dictó sin jurisdicción sobre alguna parte o materia. *Rodríguez Contreras v. E.L.A.*, 183 DPR 505, 515 (2011); *Roseberry v. Registrador*, 114 DPR 743 (1983).

[15] *Gulf Petroleum et al. v. Camioneros*, 199 DPR 962, 966 (2018). Regla 55.1 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 55.1.

Nuestro estado de derecho ha adoptado las normas con las cuales tienen que cumplir las sentencias u órdenes dictadas por los tribunales estadounidenses o extranjeros, a los fines de que puedan ser reconocidas y convalidadas por nuestros tribunales mediante la acción de *exequátur*.[16] En consecuencia, los requisitos de la reclamación sobre *exequátur* varían dependiendo si la sentencia u orden que se pretende validar es de un estado de los Estados Unidos o un país extranjero.[17]

Mediante este procedimiento, las sentencias dictadas por tribunales de un estado de los Estados Unidos de América o sus territorios serán convalidadas a tenor con la Regla 55.5 (a) de las de Procedimiento Civil de 2009.[18] El inciso (b) aplica únicamente a las sentencias emitidas por tribunales de países extranjeros.[19] El objetivo de este procedimiento es garantizar el debido proceso de ley a las partes afectadas por una sentencia u orden extranjera, y así brindarles la oportunidad para ser escuchadas y presentar sus defensas.[20]

Ahora bien, la Regla 55.5 de las de Procedimiento Civil de 2009 expresa:

> El tribunal, luego de resolver los planteamientos de índole procesal que sean pertinentes, determinará si la sentencia de otra jurisdicción cumple con las normas siguientes:
>
> (a) Si se trata de una sentencia de un estado de Estados Unidos de América o sus territorios:
> (1) Que se haya dictado por un tribunal con jurisdicción sobre la persona y el asunto que sea objeto de la misma;
> (2) Que el tribunal que la emitió haya observado el debido proceso de ley; y
> (3) Que no haya sido obtenida mediante fraude.
>
> (b) Si se trata de una sentencia dictada en otra jurisdicción que no sea un estado de Estados Unidos o sus territorios:
> (1) Que se haya dictado por un tribunal con jurisdicción sobre la persona y el asunto que sea objeto de la misma;
> (2) que se haya dictado por un tribunal competente;
> (3) que el tribunal que la emitió haya observado los principios básicos del debido proceso de ley;

---

[16] *Ex Parte Márquez Estrella,* 128 DPR 243 (1991).
[17] *Toro Avilés vs. P.R. Telephone Co.,* 177 DPR 369, 375 (2009).
[18] Regla 55.5 (a) de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 55.5 (a).
[19] Regla 55.5 (b) de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 55.5 (b).
[20] *Toro Avilés vs. P.R. Telephone Co., supra,* pág. 376.

(4) que el sistema bajo el cual fue dictada se distinga por su imparcialidad y por la ausencia de prejuicio contra las personas extranjeras;

(5) que no sea contraria al orden público;

(6) que no sea contraria a los principios básicos de justicia,

y (7) que no se haya obtenido mediante fraude.

El simple hecho de que una sentencia u orden sea válida no conlleva necesariamente el reconocimiento de esta, ya que ello implica la aceptación de las leyes del estado o país del foro de origen en cuanto a las personas y a la materia que quedará afectada por la ejecutoria.[21] Por tanto, su validación estará limitada por consideraciones de orden público, orden constitucional, los intereses, principios y valores del estado o país del foro donde se promueve el reconocimiento.[22]

**- B –**

Una *sentencia declaratoria* se ha definido como un mecanismo "remedial y profiláctico que permite anticipar la dilucidación de los méritos de cualquier reclamación ante los tribunales", siempre que se demuestre la existencia de un peligro real contra la parte que solicita la *sentencia declaratoria*.[23] Se ha reconocido que la *sentencia declaratoria* es un mecanismo idóneo para adjudicar controversias de índole constitucional.[24]

La *sentencia declaratoria* se rige por las disposiciones de las Reglas de Procedimiento Civil de 2009. Específicamente, la Regla 59 le confiere facultad al tribunal para que pueda declarar derechos, estados y otras relaciones jurídicas independientemente de que se solicite otro remedio.[25] Adicionalmente, la Regla amplía que la *sentencia declaratoria* puede ser afirmativa o negativa, y tiene el mismo efecto y la fuerza de las sentencias o resoluciones finales que dictan los tribunales. Según ha expresado nuestro Máximo Foro, una solicitud de *sentencia declaratoria* tiene como resultado

---

[21] *Rodríguez Contreras v. E.L.A., supra*, pág. 520; *Ex parte Márquez Estrella, supra*, pág. 255.
[22] *Id.*
[23] *Sánchez et al v. Srio. de Justicia et al.*, 157 DPR 360, 383-384 (2002); *Charana v. Pueblo*, 109 DPR 641, 653 (1993).
[24] *Asoc. de Periodistas v. González*, 127 DPR 704, 723-724 (1991).
[25] 32 LPRA Ap. V, R. 59.1. Véase además *Amadeo Ocasio v. Gobernador et al.*, 211 DPR 278 (2023).

una decisión judicial sobre cualquier discrepancia en la interpretación de la ley.[26]

Por otro lado, el inciso (a) de la Regla 59.2 de las de Procedimiento Civil de 2009 dispone que cualquier persona que tenga interés en una escritura, un testamento, un contrato o cuyos derechos, estado u otras relaciones jurídicas se vean afectados por un precepto legal, una ordenanza municipal, un contrato o una franquicia, podrá solicitar una *sentencia declaratoria*.[27]

En ese contexto, el profesor Hernández Colón señala que la *sentencia declaratoria* se dicta en un proceso en el que se alegan hechos que indican que existe una controversia entre las partes cuyos intereses legales son opuestos, sin que sea necesaria la existencia de una lesión previa de estos con el propósito de resolver la incertidumbre legal y promover la paz social.[28] Es necesario precisar que una demanda de *sentencia declaratoria* tiene que exponer hechos que demuestren la existencia de una controversia real y actual entre partes con intereses legales opuestos.[29]

Ello implica que de las alegaciones de la demanda debe surgir "que el demandado ha planteado, afirmado o aseverado positivamente, y en forma extrajudicial, una reclamación o derecho opuesto a la aserción del demandante, quedando establecido un conflicto extrajudicial entre los intereses de ambas partes".[30] Asimismo, se debe demostrar que existe una probabilidad sustancial de que la parte demandada lleve a cabo una invasión de los derechos de la parte demandante.[31]

Por consiguiente, la parte que solicita una *sentencia declaratoria* tiene que demostrar que la controversia no es remota, abstracta, teórica,

---

[26] *Mun. Fajardo v. Srio. Justicia et al.*, 187 DPR 245, 254 (2012).
[27] 32 LPRA Ap. V, R. 59.2.
[28] Véase R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta Ed., San Juan, Lexis, 2017, Sec. 6001, pág. 623.
[29] *Díaz Díaz v. Asoc. Res. Quintas San Luis*, 196 DPR 573, 580 (2016) (Sentencia); *Moscoso v. Rivera*, 76 DPR 481, 492-493 (1954).
[30] *Íd.*
[31] *Íd.*

académica ni especulativa, sino que tiene suficiente actualidad.[32] Así pues, la parte demandante debe demostrar que los intereses de la justicia serán bien servidos y la sentencia que el tribunal dicte en su día será efectiva y adecuada. Empero, cabe destacar que la concesión de una *sentencia declaratoria* descansa en el ejercicio de una sana discreción judicial.[33]

Inclusive, la parte que interpela una *sentencia declaratoria* está sujeta al cumplimiento de los criterios de legitimación activa.[34] Lo cual implica que tiene que demostrar que: (1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, y no abstracto e hipotético; (3) existe una relación causal razonable entre la acción que se ejercita y el daño alegado, y (4) la causa de acción debe surgir al amparo de la Constitución o de alguna ley.[35]

- III –

Por encontrarse intrínsecamente relacionados, discutiremos los tres (3) errores señalados de forma conjunta.

El señor **FRANK COMAS** interpeló la convalidación de la *Sentencia* (*Decree*) junto al "*Memorandum of Understanding*" así como se determinará que es el titular del pleno dominio de una propiedad inmueble descrita en su reclamación. Argumentó que el tribunal apelado incidió al imponer requisitos a los procedimientos de un tribunal de otro estado que no son especificados por nuestras Reglas de Procedimiento Civil de 2009 para convalidar una sentencia; no resolver la petición de *sentencia declaratoria*; y al aceptar el informe del Ministerio Público cuando la ley no le concede legitimación activa para emitir su posición.

Por su parte, el **DEPARTAMENTO DE JUSTICIA** en su *Alegato* acotó que el foro primario evaluó los méritos de la *Sentencia* dictaminada en Pennsylvania, Estados Unidos de América, lo cual está vedado por el proceso

---

[32] *Moscoso v. Rivera, supra*, págs. 492-493.
[33] *Íd.*
[34] *Ramos, Méndez v. García García*, 203 DPR 379 (2019); *Romero Barceló v. E.L.A.*, 169 DPR 460 (2006).
[35] *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727 (2022).

de *exequátur* y entendió que erró el tribunal de instancia. Empero coincide con la determinación judicial sobre la denegación del petitorio de *sentencia declaratoria*.

Al resolver, el tribunal apelado realizó determinaciones de hechos y concluyó que, en efecto, el documento titulado ""*Decree*" cumple con los criterios y requisitos establecidos en la [R]egla 55.5 de [P]rocedimiento [C]ivil…pudimos observar el sello a relieve que acompañaba la copia certificada provista, sin tener elementos para poner en entredicho que trata de un documento oficial del tribunal del Condado de Lycoming, Pennsylvania. Tampoco contamos con indicio alguno de fraude, vulneración del debido proceso de ley o cuestionamiento a la jurisdicción del tribunal de Pennsylvania".

A contrario *sensu*, razonó en otra dirección en cuanto al "*Memorandum of Understanding*". Fundamentó que "[t]rasluce ser una transcripción, de un procedimiento ante la figura de "master", no de un juez o jueza, que no contiene una firma de aprobación … [e]l señor **Frank,** con distinguida candidez, reconoce que el tribunal de Pennsylvania no siguió el rigor debido a la hora de describir el bien inmueble en controversia, limitándose a una referencia a "condo in Puerto Rico, sin más". Ante la inexactitud de la descripción de la propiedad inmueble en el *"Memorandum of Understanding"*, el foro *a quo* denegó otorgarle entera fe y crédito al antedicho documento y, por ende, la interpelación de *sentencia declaratoria* para refrendar como único titular al señor **Frank Comas**.

Es menester colegir que la *Sentencia* (*Decree*) prescrita hace más de veinte (20) años por el *The Common Court of Common Pleas of Lycoming Country* en Pennsylvania, Estados Unidos de América, **cumple** con todos los requisitos para ser convalidada conforme al formalismo de *exequátur* dispuesto en la Regla 55.5 (a) de las de Procedimiento Civil de 2009.[36]

---

[36] Cuando se trata de una sentencia de un estado de los Estados Unidos de América o sus territorios, un tribunal debe cerciorarse de que: (1) se haya dictado por un tribunal con

De otro lado, el *"Memorandum of Understanding"* constituye una estipulación sobre: (i) alimentos entre excónyuges o alimentos *pendente lite*; (ii) pensión alimentaria en beneficio de hijo(a) menor de edad; (iii) fondos para estudios universitarios; (iv) bienes gananciales, vehículos de motor, y bienes personales; (v) condo en Puerto Rico; (vi) créditos; y (vii) balance o saldo del patrimonio ganancial en 50% cada uno. Como parte del *"Memorandum of Understanding"*, entre otras cosas, los señores **FRANK COMAS** y **MCCONNAUGHY** dispusieron de sus activos y pasivos. Examinado el expediente y escudriñado ambos manuscritos, discernimos que el *"Memorandum of Understanding"* forma parte de la *Sentencia* (*Decree*).[37] Sabido es que un tribunal está impedido de cuestionar sustantivamente una *Sentencia* que proviene de un estado, territorio o posesión de los Estados Unidos de América.[38] Ante esta situación, ambos documentos debieron ser convalidados por constituir el dictamen emitido por el "Court of Common Pleas of Lycoming County, Pennsylvania", en el caso 97-21,703, conforme la Regla 55.5 (a) de las de Procedimiento Civil de 2009. Por ende, le asiste la razón al señor **FRANK COMAS**.

En cuanto al planteamiento sobre la legitimación del **DEPARTAMENTO DE JUSTICIA** discernimos que no le asiste la razón al señor **FRANK COMAS**. Ello fundamentado en lo dispuesto en la Regla 55.4 de las de Procedimiento Civil de 2009.[39]

En otro orden de cosas, no estamos convencidos en que proceda la *sentencia declaratoria*. El propio *"Memorandum of Understanding"* en su párrafo número 5 expresa: *"Condo in Puerto Rico. It is acknowledge that the*

---

jurisdicción sobre la persona y el asunto que sea objeto de la misma; (2) el tribunal que la emitió haya observado el debido proceso de ley; y (3) no haya sido obtenida mediante fraude.

[37] Véase nota al calce 4.

[38] *Rodríguez Contreras v. E.L.A.*, *supra*, págs. 520– 521.

[39] La Regla 55.4 (b) de las de Procedimiento Civil de 2009 sobre *Notificación* expresa: En conformidad con las situaciones particulares de cada caso, además de notificar a las personas afectadas por la sentencia cuya convalidación y reconocimiento se solicita, conforme lo dispone la Regla 4, también deberá notificarse con copia de la demanda o de la solicitud *ex parte* a los funcionarios públicos o funcionarias públicas que se refieren a continuación: (b) Al Ministerio Fiscal, en todo caso en que, a los fines de lograr su posterior inscripción en el Registro de la Propiedad, se solicite la convalidación de las sentencias a las cuales se refiere el Art. 45 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2208.

*parties own a condo in Puerto Rico. The value of the condo for the overall contribution shall be $138,000.00. Wife herein agrees to transfer all her right, title and interest in the condo to husband. Husband agrees to assume the debt on the condo and shall indemnify and hold wife harmless for default.* ***Wife shall prepare a deed transferring the property to Husband"***. Ello implica, que para la transferencia de la propiedad ganancial se debe suscribir u otorgar una escritura pública sobre liquidación de comunidad de bienes o extinto sociedad legal de gananciales. Por ende, no procede la petición sobre *sentencia declaratoria* y no le asiste la razón al señor **FRANK COMAS.**

### - IV –

Por los fundamentos antes expuestos, ***modificamos*** la *Sentencia* para otorgar entera fe y crédito al *"Memorandum of Understanding"* que forma parte integral de la *Sentencia* (*Decree*) dictaminada por el "Court of Common Pleas of Lycoming County, Pennsylvania", en el caso 97-21,703. Así modificada, ***confirmamos*** la *Sentencia* dictaminada el 3 de noviembre de 2022 por el Tribunal de Primera Instancia, Sala Superior de Guaynabo, en todos sus demás extremos.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones