Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| MIGUEL ALBERTO GONZÁLEZ *EX PARTE* Peticionario | KLCE202400407 | ***Certiorari*** Procedente del Tribunal de Primera Instancia, Sala Superior de Humacao Caso Civil Núm.: HU2023CV01859 Sobre: *Exequátur* |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Rivera Pérez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2024.

Comparece ante nos el peticionario Miguel Alberto González (en adelante el peticionario), y nos solicita que revoquemos la *Resolución* emitida el 8 de febrero de 2024 y notificada el 9 de febrero, por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI). Mediante dicha *Resolución,* el TPI ordenó la enmienda a la petición para demandar y emplazar al Sr. Adam González.[1]

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari.*

### I.

El 21 de diciembre de 2023, el Sr. Miguel Albert González presentó una demanda ex parte de exequátur en la cual alegó que había solicitado la tutela de su hermano incapacitado Adán González t/c/c Adam González, bajo el número de caso 21-G-1040,

---

[1] Incapaz afectado por la convalidación de *Letters of Guardianship,* Núm. 21-G-1040.

Número Identificador

RES2024_____

del Tribunal del Condado de Texas, Estados Unidos de América, para regir su bienestar y su patrimonio.[2] Además, alegó que para el 6 de septiembre de 2023 el Tribunal del Condado de Texas, le designó como guardián de la persona y patrimonio de Adán González t/c/c/ Adam González.[3] Por último, alegó que tenía convenida la compraventa del inmueble que se describía en la petición, "el cual adquirió por herencia de sus padres; en la cual tanto el peticionario como el tutelado Adán González t/c/c Adam González, poseen una participación de un 25% cada uno en común proindiviso en el mismo, en conjunto con sus otras dos hermanas las cuales de igual forma están en total acuerdo con la compraventa del inmueble, por lo cual solicita la convalidación de sentencia".[4]

Luego de que el foro primario le concediera un término para expresar su posición, el 10 de enero de 2024 compareció el Ministerio Público por conducto de la Procurador(a) de Asuntos de Familia mediante *Informe Fiscal.*[5] En este, la Procuradora de Asuntos de Familia indicó que era "necesario que además de la carta de tutela sometida, se someta la sentencia u orden emitida por el Tribunal de Texas en la cual se designa al peticionario como tutor y se establece el alcance de la designación". Además, arguyó que de

---

[2] Apéndice II del *Certiorari*, a las págs. 3-7. Es importante consignar que lo solicitado fue convalidar unas cartas de tutela emitidas por el Estado de Texas, con fecha de vencimiento del 13 de enero del 2025.

[3] *Id.*

[4] *Id.* La descripción de la propiedad es la siguiente:

"RUSTICA: Parcela marcada con el número ochenta y cinco "A" (85-A), en el plano de parcelación de la comunidad rural La Fermina del Barrio Collores del término municipal de Las Piedras, Puerto Rico, con una cabida superficial de NOVECIENTOS VEINTINUEVE PUNTO CINCO MIL TRESCIENTOS TREINTA Y DOS (929.5332), METROS CUADRADOS. En lindes por el NORTE, con la calle siete antes, hoy Calle uno; por el SUR y por el ESTE, con la parcela aquí segregada; y por el OESTE, con la parcela número ochenta y cinco (85) de la comunidad, perteneciente a Antonio González."-----------

---Enclava una casa.--------------------------------------------------

---Consta inscrita al Folio cuarenta y cinco vuelto (45 vto) del Tomo ciento cuarenta y siete (147) de Las Piedras, finca número siete mil quinientos treinta (7,530), Registro de la Propiedad, Sección de Humacao, inscripción segunda (2da).----------------------------------

---Catastro: 280-024-005-13-001.------------------------------------

[5] Apéndice IV del *Certiorari*, a las págs. 10-11.

conformidad a lo requerido en la Regla 55.2 de Procedimiento Civil, *infra,* "al radicarse una acción de exequátur mediante petición es necesario que comparezcan todas las partes afectadas por la sentencia que se pretende convalidar" y que en el presente caso "la persona afectada por el documento que se pretende convalidar es un incapaz, razón por la cual entendemos no podría juramentar la presente petición".[6]  Por último, alegó que en el "presente caso se debe tramitar mediante demanda y emplazar conforme a derecho al señor Adam González, quien es parte afectada por la determinación emitida por el Tribunal de Texas".[7]

Así las cosas, el 16 de enero de 2024, el TPI le ordenó a la parte aquí peticionaria que en el término de veinte (20) días procediera a incluir copia certificada, legible y completa de la sentencia cuya convalidación y reconocimiento se solicita.[8]  El 25 de enero de 2024, la parte aquí peticionaria presentó *Moción en Cumplimiento de Orden,* mediante la cual se le dio cumplimiento a la orden emitida por el foro primario y acompañó los certificados de nacimiento del peticionario y de Adam González.[9]

El TPI nuevamente le solicitó a la Procuradora de Asuntos de Familia el 30 de enero de 2024 que expresara su posición en el término de veinte (20) días.[10]

El 7 de febrero de 2024, la Procuradora de Asuntos de Familia presentó *Moción en Cumplimiento de Orden* en la cual en síntesis expresó que "[a]l ser la persona afectada por la sentencia un incapaz, procede que el caso se tramite mediante demanda y se notifique conforme a derecho a la parte afectada por la sentencia que se solicita convalidar, señor Adam González".[11]   Además, hizo

---

[6] *Id.*
[7] *Id.*
[8] Apéndice V del *Certiorari,* a la págs. 12-14.
[9] Apéndice VI del *Certiorari,* a las págs. 15-16.
[10] Apéndice VII del *Certiorari,* a las págs. 17-18.
[11] Apéndice VIII del *Certiorari,* a las págs. 19-20.

referencia a los incisos de su *Informe Fiscal* previo de 10 de enero de 2024.

El 8 de febrero de 2024, notificada al día siguiente el TPI ordenó lo siguiente: "[p]roceda la parte peticionaria a enmendar inmediatamente la petición para incluir al señor Adam González como demandado y a emplazarle".[12]

El día 23 de febrero de 2024, la parte aquí peticionaria inconforme con la determinación presentó *Moción de Reconsideración* a la orden antes mencionada.[13] El 28 de febrero de 2024, el foro primario le ordenó replicar a la Procuradora de Asuntos de Familia la cual compareció mediante *Moción en Cumplimiento de Orden* el 1 de marzo de 2024 oponiéndose a lo solicitado y reiterando lo que ya había expuesto en su *Informe Fiscal*.[14] La parte aquí compareciente radicó el 4 de marzo de 2024 *Réplica a Moción en Cumplimiento de Orden*.[15] El 6 de marzo de 2024, el TPI declaró No Ha Lugar la moción en solicitud de reconsideración presentada por la parte peticionaria y ordenó a la parte peticionaria a enmendar la petición para incluir al señor Adam González como demandado y a emplazarle.[16]

Aun inconforme, el 8 de abril de 2024, el peticionario acudió ante nos mediante el recurso que nos ocupa. En específico señaló la comisión del siguiente error:

> EL TRIBUNAL DE PRIMERA INSTANCIA ERR[Ó] AL RESOLVER QUE ES NECESARIO EN LA PRESENTE PETICI[Ó]N DE EXEQUATUR QUE SE HAGA FORMAR COMO PARTE DEMANDADA A ADAM GONZ[Á]LEZ Y SE EMPLACE, LOS [SIC.] CUAL ES PARA TODOS LOS FINES POR FIAT JUDICIAL ELIMINAR EL PROCEDIMIENTO DE EXEQUATUR Y NO RECONOCER LA CL[A]USULA CONSTITUCIONAL FEDERAL.

---

[12] Apéndice I del *Certiorari*, a las págs. 1-2.
[13] Apéndice IX del *Certiorari*, a las págs. 21-23.
[14] Apéndice X y XI del *Certiorari*, a las págs. 25-25 y 26
[15] Apéndice XII del *Certiorari*, a las págs. 27-29.
[16] Apéndice XIII del *Certiorari*, a las págs. 30-32.

El 26 de abril de 2024, la Procuradora de Asuntos de Familia presentó *Escrito en Cumplimiento de Resolución*, en el que expuso su posición respecto al recurso. Así, contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A.**

El recurso de *certiorari* es "un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Véase, además, *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). En el ámbito judicial, el concepto discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". *IG Builders et al. v. BBVAPR, supra*, pág. 338. La discreción, "es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG, supra*, pág. 174.

En el caso particular del Tribunal de Apelaciones, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita los asuntos interlocutorios que podemos revisar mediante un recurso de *certiorari*, bajo el entendimiento de que estos pueden esperar hasta la conclusión del caso para ser revisados en apelación. *IG Builders et al. v. BBVAPR, supra*, pág. 337. Al respecto, la Regla 52.1 de Procedimiento Civil, *supra*, dispone específicamente que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 56 y 57, o de la denegatoria

de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.* Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

A su vez, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que el Tribunal de Apelaciones deberá tomar en consideración al determinar si procede la expedición de un recurso de *certiorari* o de una orden de mostrar causa. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

La precitada regla mandata que, como foro apelativo, evaluemos si alguna de las instancias enumeradas anteriormente es

de aplicación a la petición de *certiorari*. De alguna estar presente, podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. Por el contrario, estaremos impedidos de expedir el auto, y por lo tanto deberá prevalecer la determinación del foro recurrido. Los criterios antes transcritos sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

De ordinario, los tribunales apelativos no debemos intervenir con las decisiones discrecionales de un Tribunal de Primera Instancia a menos que se demuestre que dicho foro incurrió en un abuso de discreción, y que nuestra intervención evitaría un perjuicio sustancial. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). En todo caso, el criterio rector al momento de evaluar si un tribunal ha abusado de su discreción es la razonabilidad de la determinación impugnada, y su fundamento en un sentido llano de justicia. *Íd.,* págs. 434-435.

**B.**

En nuestro ordenamiento jurídico, las sentencias y órdenes dictadas por un estado de los Estados Unidos de América o país extranjero no operan de forma directa o *ex proprio vigore. Montes Díaz v. Montes James*, 2024 TSPR 27, 213 DPR \_\_\_\_ (2024); *Colón Vega v. Díaz Lebrón*, 211 DPR 548 (2023).[17]

---

[17] Véase, además, el Artículo IV, Sección 1, de la Constitución de los Estados Unidos de América. La Sec. 1 del Artículo Art. IV de la Constitución de Estados Unidos no prescribe el procedimiento para dar entera fe y crédito a los actos públicos, documentos y procedimientos judiciales de otras jurisdicciones domésticas. Tal sección no exige que determinado funcionario público le dé directamente entera fe y crédito a una sentencia extranjera, haciendo caso omiso de las disposiciones de nuestras leyes que exigen la previa intervención de los tribunales. No opera *ex propio vigore*. La razón para tal regla es clara. La cláusula de entera fe y crédito está sujeta a excepciones. Las sentencias emitidas en un estado no tienen derecho a entera fe y crédito en otro estado, por ejemplo, si la sentencia se dictó sin jurisdicción sobre alguna parte o materia. *Rodríguez Contreras v. E.L.A.*, 183 DPR 505, 515 (2011); *Roseberry v. Registrador,* 114 DPR 743 (1983).

Por tanto, para que las sentencias u órdenes se puedan ejecutar o hacer efectivas les corresponde a los tribunales locales su reconocimiento y validación mediante el procedimiento conocido como *exequátur*. *Gulf Petroleum et al. v. Camioneros*, 199 DPR 962, 966 (2018). Regla 55.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 55.1.  Su trámite puede ser ex parte u ordinario. *Id.*

Nuestro estado de derecho ha adoptado las normas con las cuales tienen que cumplir las sentencias u órdenes dictadas por los tribunales estadounidenses o extranjeros, a los fines de que puedan ser reconocidas y convalidadas por nuestros tribunales mediante la acción de *exequátur. Ex Parte Márquez Estrella,* 128 DPR 243 (1991). En consecuencia, los requisitos de la reclamación sobre *exequátur* varían dependiendo si la sentencia u orden que se pretende validar es de un estado de los Estados Unidos o un país extranjero. *Toro Avilés vs. P.R. Telephone Co.*, 177 DPR 369, 375 (2009).

La Regla 55.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 55.2, dispone respecto a la forma de presentar las peticiones de exequátur lo siguiente:

> La parte promovente presentará ante la sala correspondiente del Tribunal de Primera Instancia uno de los escritos siguientes:
> **(a) Demanda presentada contra todas las demás personas afectadas por la sentencia de otra jurisdicción cuya convalidación y reconocimiento se solicita.**
> **(b) Solicitud ex parte suscrita bajo juramento por todas las personas afectadas por la sentencia de otra jurisdicción cuya convalidación y reconocimiento se solicita.**
> En todo caso en que puedan afectarse los intereses de menores o personas incapacitadas, deberá incluirse en la demanda o en la solicitud ex parte a la madre y padre con patria potestad o al (a la) tutor(a) del (de la) menor o persona incapacitada. (Énfasis suplido.)

En ambas instancias dispone la Regla 55.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 55.3, que la demanda o la solicitud ex parte deberá presentarse al tribunal acompañada "copia certificada, legible, completa y en cumplimiento con los requisitos

de las Reglas de Evidencia de la sentencia cuya convalidación y reconocimiento se solicita".

Mediante este procedimiento, las sentencias dictadas por tribunales de un estado de los Estados Unidos de América o sus territorios serán convalidadas a tenor con la Regla 55.5 (a) de las de Procedimiento Civil de 2009. Regla 55.5 (a) de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 55.5 (a).  El inciso (b) aplica únicamente a las sentencias emitidas por tribunales de países extranjeros. Regla 55.5 (b) de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 55.5 (b). El objetivo de este procedimiento es garantizar el debido proceso de ley a las partes afectadas por una sentencia u orden extranjera, y así brindarles la oportunidad para ser escuchadas y presentar sus defensas. *Toro Avilés vs. P.R. Telephone Co.*, *supra*, pág. 376.

Ahora bien, la Regla 55.5 de las de Procedimiento Civil de 2009 expresa:

> El tribunal, luego de resolver los planteamientos de índole procesal que sean pertinentes, determinará si la sentencia de otra jurisdicción cumple con las normas siguientes:
>
> (a) Si se trata de una sentencia de un estado de Estados Unidos de América o sus territorios:
>
> (1) Que se haya dictado por un tribunal con jurisdicción sobre la persona y el asunto que sea objeto de la misma;
> (2) Que el tribunal que la emitió haya observado el debido proceso de ley; y
> (3) Que no haya sido obtenida mediante fraude.
>
> (b) Si se trata de una sentencia dictada en otra jurisdicción que no sea un estado de Estados Unidos o sus territorios:
> (1) Que se haya dictado por un tribunal con jurisdicción sobre la persona y el asunto que sea objeto de la misma;
> (2) que se haya dictado por un tribunal competente;
> (3) que el tribunal que la emitió haya observado los principios básicos del debido proceso de ley;
> (4) que el sistema bajo el cual fue dictada se distinga por su imparcialidad y por la ausencia de prejuicio contra las personas extranjeras;
> (5) que no sea contraria al orden público;

(6) que no sea contraria a los principios básicos de justicia, y (7) que no se haya obtenido mediante fraude.

El simple hecho de que una sentencia u orden sea válida no conlleva necesariamente el reconocimiento de esta, ya que ello implica la aceptación de las leyes del estado o país del foro de origen en cuanto a las personas y a la materia que quedará afectada por la ejecutoria. *Rodríguez Contreras v. E.L.A., supra*, pág. 520; *Ex parte Márquez Estrella, supra*, pág. 255. Por tanto, su validación estará limitada por consideraciones de orden público, orden constitucional, los intereses, principios y valores del estado o país del foro donde se promueve el reconocimiento. *Íd.*

Aunque el procedimiento conocido como *"exequátur"* sirve para validar o transferir la tutela otorgada fuera de Puerto Rico, la implementación de una ley uniforme en armonía con otras jurisdicciones para el manejo de casos de tutela resultaría muy provechoso para los puertorriqueños tutelados y sus familias. Exposición de Motivos de Ley Núm. 296-2012, *infra*. Ante la falta guías uniformes para el manejo a nivel local de las transacciones y los casos que involucran a un tutor proveniente de otra jurisdicción. *Id.*

En al año 2007 el *"National Conference of Commissioners on Uniform State Laws",* promulgó el "*Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act* (UAGPPJA)", como una legislación modelo a ser promovida a través de los estados para atender esta situación. Por tanto, en Puerto Rico se aprobó la Ley Núm. 296-2012, según enmendada, conocida como *"Ley Uniforme de Procedimientos de Protección y Jurisdicción en casos de Tutela de Adultos de Puerto Rico"* con el propósito de evitar la dilación en la tramitación del procedimiento de exequátur de la tutela otorgada en otra jurisdicción para atender con mayor rapidez las necesidades del incapacitado adulto.

El Artículo 9 de la Ley Núm. 296-2012, cita, dispone sobre el registro, reconocimiento y efectos de la tutela de otros estados lo siguiente:

Sección 1 – Registro de las órdenes de nombramiento de un tutor o de protección.

**Si un tutor ha sido nombrado en otro Estado y una solicitud para el nombramiento de un tutor no está pendiente en Puerto Rico, el tutor nombrado en el otro Estado, luego de notificar al tribunal que lo nombró de su intención de registrarse, puede registrar en Puerto Rico la orden que lo nombró como tutor, radicando copias certificadas de la orden y sentencia en el tribunal correspondiente.** Lo mismo aplicará en el caso de las órdenes de protección emitidas por otros estados. (Énfasis suplido.)

Sección 2 – Efecto del registro

**(a) Una vez registrada la orden judicial proveniente de otro Estado, el tutor podrá ejercer en Puerto Rico todos los poderes autorizados en su orden de nombramiento, excepto los que sean contrarios a las leyes de Puerto Rico, incluyendo la radicación de acciones y la solicitud de procedimientos localmente, si el tutor no es residente de Puerto Rico, sujeto a cualquiera de las condiciones que se le impongan en la jurisdicción local a los no residentes.**

(b) Un tribunal de Puerto Rico podrá conceder cualquier remedio bajo esta Ley y cualquier otra ley de Puerto Rico para hacer cumplir una orden registrada. (Énfasis suplido.)

**III.**

En su recurso de *Certiorari*, la parte peticionaria señala que erró el TPI al resolver que es necesario en el caso de marras que se haga formar como parte demandada al Sr. Adam González y que se emplace, lo cual es parte para todos los fines por *fiat* judicial eliminar el procedimiento de exequátur y el no reconocimiento de la cláusula constitucional federal.

Examinado el recurso ante nuestra consideración a la luz de la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, determinamos que no procede su expedición. Entendemos que no ha mediado pasión, prejuicio o parcialidad en la actuación del TPI o que este haya

incurrido en error manifiesto. Debido a que la petición de convalidación del *Letter of Guardianship* emitido por el Tribunal del Condado de Texas afecta los derechos de Adán González t/c/c/ Adam González por ser incapaz, es necesario cumplir con las disposiciones de la Regla 55.2 de las de Procedimiento Civil, *supra*. Es necesario que se enmiende la demanda para incluirlo como parte afectada y sea emplazado de conformidad a las disposiciones de la Regla 4.4(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4 (c).

Por último, se aclara que el caso de autos se está tramitando al amparo de la Regla 55 de Procedimiento Civil, *supra*, y no al palio de la legislación especial de la Núm. 296-2012, *supra*.

**IV.**

Por los fundamentos anteriormente expuestos, se deniega la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones